**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **NATIONAL COUNCIL OF NEGRO WOMEN, EDUCATION, ECONOMICS, ENVIRONMENTAL, CLIMATE AND HEALTH ORGANIZATION, HEALTHY GULF,** and **SIERRA CLUB** | **PLAINTIFFS** |
| **v.** | **Case No. 1:22-cv-314-HSO-BWR** |
| **PETER BUTTIGIEG** and **U.S. DEPARTMENT OF TRANSPORTATION** | **DEFENDANTS** |

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRIVILEGE LOG [15]

BEFORE THE COURT is a Motion to Compel Privilege Log [15] and Memorandum [16], filed by Plaintiffs National Council of Negro Women; Education, Economics, Environmental, Climate and Health Organization; Healthy Gulf; and Sierra Club (collectively, Plaintiffs). Defendants Peter Buttigieg and U.S. Department of Transportation (collectively, Defendants) filed a Response [55] and Memorandum [56] and Plaintiffs a Reply [57]. Having considered the parties' submissions, the record, and relevant law, Plaintiffs' Motion to Compel Privilege Log is granted. Defendants must produce a privilege log for materials withheld based on the deliberative process privilege.

## I. BACKGROUND

This litigation concerns the U.S. Department of Transportation's decision to go forward with an "Airport Road Extension" project in Gulfport, Mississippi. Compl. [1]

at 3. Plaintiffs challenge the U.S. Department of Transportation's decision as violating the Administrative Procedure Act (APA), 5 U.S.C. § 706, and the National Environmental Policy Act, 42 U.S.C. § 4321-4370m. *Id.* at 13-22. Plaintiffs request that the decision be vacated and set aside. *Id.* at 22.

Defendants designated and produced the administrative record and did "not include[] documents subject to the deliberative process privilege" nor identify in a privilege log or index the documents withheld as deliberative. Pls.' Mem. [16] at 15. To the administrative record, Defendants attached the Declaration of Donald E. Davis (Davis), Division Administrator, Federal Highway Administration (FHWA), Mississippi Division. Ex. [14-1] at 1-2. Davis avers that he "oversaw the coordination and compilation of FHWA's Administrative Record for the project. The record includes approximately 702 documents comprising 18,428 pages." *Id.* at 2. Davis's Declaration provides that "[t]o the best of my knowledge, and with the exception of materials subject to the deliberative process privilege, the Administrative Record contains the documents upon which I relied directly or indirectly in issuing the June 2022 Preliminary [Environmental Assessment (EA)] and the September 2022 Final EA and [Finding of No Significant Impact (FONSI)]." *Id.*

Plaintiffs seek "an order requiring the Federal Defendants to prepare the standard privilege log contemplated by the Case Management Order and to the extent necessary submit any documents to the Court for *in camera review*." Pls.' Mem. [16] at 6. Plaintiffs acknowledge that some documents Defendants withheld may be protected by the deliberative process privilege but argue that Defendants "must

establish the procedural and factual predicate for the privilege and give the opposing party the opportunity to challenge the claim of privilege, show that factual information is involved, or prove an exception." *Id.* at 12 (quoting *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 382 (N.D. Cal. 2017)); *see* Pls.' Reply [57] at 15.

Defendants counterargue that the agency is responsible for designating the contents of the administrative record, and "'an agency's designation of the administrative record is [ ] entitled to the presumption of administrative regularity,' meaning that – 'absent clear evidence to the contrary – the court assumes the agency properly designated the record.'" Defs.' Mem. [56] at 9 (quoting *Exxon Mobil Corp. v. Mnuchin (Mnuchin I),* No. 3:17-cv-1930-JJB, 2018 WL 10396585, *2 (N.D. Tex. June 26, 2018)). Defendants maintain that "because deliberative materials are outside the scope of the administrative record in the first instance, Defendants did not *exclude* such materials from the administrative record based on an invocation of privilege, and therefore did not need to include such documents in a privilege log." *Id.* at 10 (emphasis in original). Defendants urge that deliberative documents are irrelevant to judicial review. *Id.* at 13-16.

## II. DISCUSSION

Under the APA, a district court is empowered to "hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In making such a determination, "the court shall review the whole record or those parts

of it cited by a party." 5 U.S.C. § 706. "[A] presumption of regularity attaches to the actions of Government agencies," *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10, (2001) (citing *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15 (1926)), "[b]ut that presumption is not to shield [the agency's] action from a thorough, probing, in-depth review." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977).

> [I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record. That principle reflects the recognition that further judicial inquiry into "executive motivation" represents "a substantial intrusion" into the workings of another branch of Government and should normally be avoided.

*Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019) (internal citations omitted) (first citing *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 549 (1978); then *Camp v. Pitts*, 411 U.S. 138, 142-143 (1973) (per curiam); and then quoting *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977); and then citing *Overton Park*, 401 U.S. at 420). "The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Biden v. Texas*, 597 U.S. 785, 812 (2022) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

Agencies may withhold under the deliberative process privilege "documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (quoting *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C 1966)). The deliberative process

privilege's purpose "is to prevent injury to the quality of agency decisions." *Id.* at 151. In APA record review actions under 5 U.S.C. § 706, federal circuit and district courts (some within the same circuit) are split on whether documents withheld by an agency as deliberative must be accounted for in a privilege log. *See infra* at pp. 9-13. The parties acknowledge that no precedent binding on this Court has addressed the issue. *See generally* Pls.' Mem. [16]; Defs.' Mem. [56]; Pls.' Reply [57]. Defendants press the Court to adopt the view that deliberative documents are irrelevant, while Plaintiffs argue that deliberative documents are relevant, albeit privileged where the privilege is established. Defs.' Mem. [56] at 13-16; Pls.' Mem. [16] at 10-12, 14, 16-17. Plaintiffs submit that because deliberative documents are relevant, Federal Rule of Procedure 26(b)(5)(A) applies, which permits a party to withhold information on grounds of privilege if the withholding party expressly asserts the privilege in a log that describes the documents without revealing privileged information. Pls.' Mem. [16] at 12-14.

The deliberative process privilege has mostly been addressed within the context of cases brought under the Freedom of Information Act (FOIA) because the privilege was statutorily incorporated as Exemption 5, 5 U.S.C. § 552(b)(5). Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." 5 U.S.C. § 552(b)(5).

Plaintiffs claim that the reasoning in two FOIA cases decided by the Fifth Circuit should be followed. In both, the Fifth Circuit found that more than an agency's "say so" is required to sustain its deliberative process privilege claims. In *Stephenson v. IRS,* the IRS withheld categories of documents it claimed were exempt under the deliberative process privilege. 629 F.2d 1140 (5th Cir. 1980). The district court denied the plaintiffs' motion for a "*Vaughn* index" that listed the documents responsive to the request and explained why portions had been withheld, a concept derived from a line of opinions following *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973). 629 F.2d at 1142-45. On appeal, the Fifth Circuit remanded, holding that "[r]esort to in camera review is discretionary, as is resort to a *Vaughn* index. However, as this case clearly demonstrates, in instances where it is determined that records do exist, the District Court must do something more to assure itself of the factual basis and bona fides of the agency's claim of exemption than rely solely upon an affidavit." *Id.* at 1145 (internal citation omitted) (citing *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978)).

In *Batton v. Evers,* the Fifth Circuit, relying on *Stephenson,* found that the agency's presumption of legitimacy "does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted." 598 F.3d 169, 175-76 (5th Cir. 2010). *Batton* held that:

> a court abuses its discretion by refusing to order a *Vaughn* index or similar procedure when it relies "upon agency affidavit in an investigative context when alternative procedures such as sanitized indexing, random or representative sampling in camera with the record sealed for review, oral testimony or combination thereof would more fully provide an accurate basis for decision."

6

*Id.* at 178 (quoting *Stephenson*, 629 F.2d at 1144). *Batton* provided that "the IRS may not simply rely on a presumption of good faith to prove the applicability of an exemption. In other words, while we assume that the IRS is telling the truth in its affidavits, its conclusory 'say so' does not, alone, carry its burden of establishing an exemption." *Id.* at 179 (internal citation omitted) (citing *Cooper Cameron Corp. v. U.S. Dep't of Labor, OSHA*, 280 F.3d 539, 543 (5th Cir. 2002)).

Defendants counterargue that the Court should not rely on FOIA cases because FOIA emphasizes "every scrap of paper that could or might have been created," while judicial review actions are confined to the administrative record. Defs.' Mem. [56] at 14 (citing *TOMAC v. Norton,* 193 F. Supp. 2d 182, 195 (D.D.C. 2002)). By statute, FOIA provides that the court "may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). Comparable language is not found in 5 U.S.C. § 706. Defendants argue that the presumption of regularity afforded agency action extends to designation of the record, and the presumption can be overcome only by Plaintiffs showing "that Defendants failed to include materials they relied on." Defs.' Mem. [56] at 7-8. Defendants contend that Plaintiffs are attempting to expand the administrative record. *Id.* at 8.

Defendants assert that the Court should follow the reasoning in nonbinding 5 U.S.C. § 706 cases, relying chiefly on *Oceana v. Ross,* where the District of Columbia Circuit found "that the District Court did not abuse its discretion by declining to

7

require that the Fisheries Service include on a privilege log those documents that the agency excluded from the administrative record because they were deemed predecisional and deliberative," reasoning that

> As we have held, on arbitrary and capricious review, absent a showing of bad faith or improper behavior, "[a]gency deliberations not part of the record are deemed immaterial." *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279, 1280 (D.C. Cir. 1998). Because predecisional documents are "immaterial," they are not "discoverable." Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense . . . ." (emphasis added)). A privilege log is required only when "a party withholds information otherwise discoverable by claiming that the information is privileged," Fed. R. Civ. P. 26(b)(5), and since predecisional documents are irrelevant and therefore not "otherwise discoverable," they are not required to be placed on a privilege log.

920 F.3d 855, 865 (D.C. Cir. 2019).

The Ninth Circuit agreed with the District of Columbia Circuit that "[b]ecause deliberative materials are 'not part of the administrative record to begin with,' they are 'not required to be placed on a privilege log.'" *Blue Mountains Biodiversity Project v. Jeffries*, 72 F.4th 991, 997 (9th Cir. 2023) (citing *Oceana,* 920 F.3d at 865). Defendants cite an unpublished decision from the Sixth Circuit in a § 706 record review action where the Sixth Circuit agreed that "[d]eliberative process materials are generally exempted from inclusion in the record in order to protect the quality of agency decisions by ensuring open and candid communications." *In re EPA & Dep't of Def. Final Rule*, No. 15-3751, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016). But in the Sixth Circuit case, the agency provided an index that permitted the plaintiffs to challenge the privilege. *Id.* at 1.

No party cites them, but there are decisions from the Fourth and Second Circuits on point. The Fourth Circuit in a 5 U.S.C. § 706 action ordered a federal agency to file an administrative record and "submit a privilege log in the event the Government withholds any documents under the guise of the deliberative process privilege (or any other privilege)." *Defs. of Wildlife v. Dep't of the Interior,* No. 18-2090, slip op. at 2 (4th Cir. Feb. 5, 2019). The Second Circuit, when denying a writ of mandamus to stay discovery orders by the district court in a 5 U.S.C. § 706 action, found that "without a privilege log, the District Court would be unable to evaluate the Government's assertions of privilege." *In re Nielsen,* No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017).

As for district courts in 5 U.S.C. § 706 actions, some district courts have required a privilege log for documents withheld as deliberative and some have not. Cases in which a privilege log was required include: *Save the Colorado v. Spellmon*, No. 1:18-cv-03258-CMA, 2023 WL 2402923, at *5 (D. Colo. Mar. 7, 2023) (declining to follow the D.C. Circuit and district courts which hold that privileged documents need not be logged); *Clinch Coal. v. U.S. Forest Serv.*, 597 F. Supp. 3d 916, 922 (W.D. Va. 2022) ("*Oceana* is distinguishable because there, the agency did not expressly state that it relied upon the [predecisional deliberative] documents to support its final action."); *Sierra Club v. U.S. Army Corps of Eng'rs*, No. 2:20-cv-00396-LEW-JCN, 2022 WL 2953075, at *3 (D. Me. July 26, 2022) (citing *Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213, 1226-28 (D. Idaho 2021)) ("[A] growing consensus of district courts ha[ve] required an agency to submit a log if it withholds from the

9

administrative record any deliberative process information or documents."); *Higgins*, 523 F. Supp. 3d at 1227 (first citing *Washington v. U.S. Dep't of State*, 2:18-cv-1115-RSL, 2019 WL 1254876, at *3 (W.D. Wash. Mar. 19, 2019); then *Mickelsen Farms, LLC v. Animal & Plant Health Inspection Serv.*, 1:15-cv-00143-EJL-CWD, 2017 WL 2172436, at *4 (D. Idaho May 17, 2017)) ("[T]he correct way to address the tension between APA review and deliberative process privilege is for Defendants either to file a privilege log or submit allegedly privileged documents for in camera review."); *Bartell Ranch LLC v. McCullough*, No. 3:21-cv-80-MMD-CLB, 2021 WL 6118738, at *2-3 (D. Nev. Dec. 27, 2021) (requiring production of a privilege log where defendants admitted deliberative materials were omitted from the record); *In re Clean Water Act Rulemaking*, No. 3:20-cv-04636-WHA, 2020 WL 6686370, at *2-3 (N.D. Cal. Nov. 12, 2020) (ordering privilege log where agency conceded documents were excluded from the administrative record as deliberative); *State v. U.S. Immigr. & Customs Enf't*, 438 F. Supp. 3d 216, 219-20 (S.D.N.Y. 2020) (finding deliberative materials are not part of the administrative record but requiring a privilege log substantiating claims of deliberative process privilege where the number of documents in question were sufficiently small not to unduly burden the agency); *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. 2:19-cv-14243-RLR-SMM, 2020 WL 2732340, at *8 (S.D. Fla. May 26, 2020) ("[D]eliberative documents may be withheld from the record only upon invocation of the deliberative process privilege, as documented in a privilege log."); *New York v. Wolf*, Nos. 1:20-cv-1127-JMH, 1:20-cv-1142-JMF, 2020 WL 2049187, at *3 (S.D.N.Y. Apr. 29, 2020) ("[N]either logic nor the law of this Circuit

suggests that defendants in APA cases should be immune from the standard requirement in civil litigation to produce a privilege log listing documents withheld on the basis of privilege."); *Ctr. for Biological Diversity v. Bernhardt*, No. 9:19-cv-109 -DLC, 2020 WL 1130365, at *3 (D. Mont. Mar. 9, 2020) ("The agency may protect such documents by asserting the qualified deliberative process privilege but must produce a privilege log to do so."); *Mnuchin I*, 2018 WL 10396585, at *4 (requiring privilege log in APA record review case when the deliberative process privilege was invoked); *Inst. for Fisheries Res. v. Burwell*, No. 3:16-cv-01574-VC-JSC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) (first citing *State ex rel. Lockyer v. U.S. Dep't of Agric.*, No. 3:05-cv-03508-EDL, 2006 WL 708914, at *3 (N.D. Cal. Mar. 16, 2006); then *Oceana, Inc. v. Pritzker*, No. 1:15-cv-1220-ESH, 2016 WL 6581169, at *5-7 (D.D.C. Nov. 4, 2016)) ("If a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege."); *Desert Survivors,* 231 F. Supp. 3d at 386 (ordering a privilege log and in camera review to determine whether deliberative process privilege applied in an APA record review case); *Coastal Conservation Ass'n v. Gutierrez*, No. 4:05-cv-1214-MH, 2006 WL 8445127, at *2 (S.D. Tex. Feb. 17, 2006) (ordering agency to provide a privilege log covering the documents withheld on privilege grounds because the presumption of regularity can be rebutted).

Cases in which a privilege log was not required include: *Texas Gen. Land Off. v. Biden,* No. 7:21-cv-00272-DBT, 2023 WL 2733388, at *5 & n.65 (S.D. Tex. Mar. 31, 2023) ("[P]rivileged materials are not proper for inclusion in the administrative

11

record and thus Defendants are not required to produce a privilege log."); *Save the Colorado v. U.S. Dep't of the Interior*, 517 F. Supp. 3d 890, 902 (D. Ariz. 2021) ("Because this Court has held that deliberative documents are not part of the record to begin with, . . . there is no reason for the Department to file a privilege log as to these documents."); *Sierra Club v. U.S. Fish & Wildlife Serv.*, No. 2:20-cv-13-SPC-NPM, 2021 WL 5634131, at *3 (M.D. Fla. Dec. 1, 2021) (first citing *Moye, O'Brien, O'Rourke, Hogan, & Prickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1278 (11th Cir. 2004); then *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993); and then *Transp. Div. of the Int'l Ass'n of Sheet Metal, Air, Rail, and Transp. Workers v. Fed. R.R. Admin.*, 10 F.4th 869, 878 (D.C. Cir. 2021)) ("Because there is an interest in protecting that process from disclosure, the process need not be detailed in a privilege log for outsiders to scrutinize as part of a fishing expedition" and finding that requiring a log "would eviscerate the presumption of regularity"); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs, Charleston Dist.*, 611 F. Supp. 3d 136, 148 (D.S.C. 2020) ("[I]t would undermine the presumption of regularity accorded to Federal Defendants' designation of the record for the Court to require them to produce a privilege log, which Plaintiff would undoubtedly mine for further materials it believes were wrongly excluded."); *N.C. Wildlife Fed'n v. N.C. Dep't of Transp.*, No. 2:19-cv-14-FL, 2020 WL 5044465, at *4 (E.D.N.C. Aug. 26, 2020) (finding that, absent a strong showing of bad faith or improper behavior, predecisional, deliberative documents are irrelevant and "need not be documented in a privilege log"); *Friends of Animals v. U.S. Fish & Wildlife Serv.*, No. 4:18-cv-00053-DN-PK, 2019 WL

8137578, at *3 (D. Utah Dec. 27, 2019) ("An agency is not required to assert a privilege or produce a privilege log in order to withhold pre-decisional, deliberative materials from the record."); *Exxon Mobil Corp. v. Mnuchin (Mnuchin II)*, No. 3:17-cv-1930-JJB, 2018 WL 4103724, at *3 (N.D. Tex. Aug. 29, 2018) ("[B]ecause privileged materials are not a part of the [administrative record], there is no need to account for them in a privilege log."); *Outdoor Amusement Bus. Ass'n, Inc. v. Dep't of Homeland Sec.*, No. 1:16-cv-1015-ELH, 2017 WL 3189446, at *22 (D. Md. July 27, 2017) ("[N]o privilege log is required for deliberative materials that are not properly part of the administrative record in the first instance."); *Great Am. Ins. Co. v. United States*, No. 1:12-cv-9718-RMD, 2013 WL 4506929, at *9 (N.D. Ill. Aug. 23, 2013) ("[R]equiring the United States to identify and describe on a privilege log all of the deliberative documents would invite speculation into an agency's predecisional process and potentially undermine the limited nature of review available under the APA."); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 802 (E.D. Va. 2008) ("Before [the plaintiff] can demand that the USPTO produce a privilege log substantiating any claims of privilege, he must first show that documents that belong in the administrative record are missing.").

No authority binds the Court to either order or decline to order a privilege log in an APA record review case under 5 U.S.C. § 706, and there is no prevailing consensus in the persuasive authority. In the undersigned's view, requiring Defendants to produce a privilege log does not undermine the limited nature of APA record review because it does not expand the record but does allow oversight into

whether the "whole record" is before the Court. *See U.S. Immigr. & Customs Enf't*, 438 F. Supp. 3d at 218 ("[A] court that allowed an agency to withhold documents wrongly marked as deliberative would not be performing judicial review in the exacting manner prescribed by the Supreme Court in *Overton Park*."). Documents genuinely falling within the deliberative process privilege are excluded from the version of the administrative record that the Court examines during judicial review, but "[i]t does not follow from this premise . . . that courts should not have a role in reviewing whether this privilege was properly invoked and applied to particular documents so withheld." *Id.*

"The reasoning supporting the use of a log is persuasive regardless of whether the records are withheld because the documents are irrelevant or privileged." *Sierra Club*, 2022 WL 2953075, at *4. "A log is a practical and meaningful way to allow a party and ultimately a court to assess whether an agency has properly characterized a document as part of the deliberative process," *id,* at least where the preparation of the log would not be overly burdensome. *See Sierra Club,* 2023 WL 6260728, at *2. "[I]f an agency wishes to withhold documents that would otherwise be included in an [administrative record] on the basis of [the deliberative process] privilege, it ought to be required to file a log of the withheld documents." *Spellmon,* 2023 WL 2402923, at *5 (citing FED. R. CIV. P. 26(b)(5)(A)).

To the extent that compiling the record is agency action entitled to a presumption of regularity that requires a 5 U.S.C. § 706 plaintiff seeking a privilege log to first provide clear evidence that withheld documents were considered by the

agency, clear evidence exists here. Davis's Declaration concedes that deliberative documents were considered and withheld. *See* Ex. [14-1] at 2 ("[W]ith the exception of materials subject to the deliberative process privilege, the Administrative Record contains the documents upon which I relied directly or indirectly in issuing the June 2022 Preliminary EA and the September 2022 Final EA and FONSI."); *see In re Clean Water Act Rulemaking*, 2020 WL 6686370, at *2 (finding plaintiff's burden met where agency conceded deliberative documents had been withheld); *Mnuchin II*, 2018 WL 4103724, at *3 (quoting *City of Dallas, Tex. v. Hall*, No. 3:07-cv-0060-JAS, 2007 WL 3257188, at *4 (N.D. Tex. Oct. 29, 2007)) ("Department's [administrative record] certification qualifies as 'reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record.'"). Additionally, according to Plaintiffs, Defendants admit "that some of the documents withheld may be duplicative of documents that were actually included in the record." Pls.' Mem. [16] at 15, 20-21. More than conclusory assertions of deliberative process privilege are required in FOIA cases without offending the agency's presumption of regularity. *See Batton,* 598 F.3d at 179 ("[W]hile we assume that the IRS is telling the truth in its affidavits, its conclusory 'say so' does not, alone, carry its burden of establishing an exemption."). The undersigned is not convinced that less is required of an agency in a 5 U.S.C. § 706 record review case.

III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to Compel Privilege Log [15] is **GRANTED**. Defendants must produce a privilege log identifying deliberative materials withheld from the administrative record by no later than April 17, 2024.

**SO ORDERED**, this the 26th day of March, 2024.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE